IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LANDRY'S RESTAURANTS, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-406 |
| | § | |
| POST ADVISORY GROUP, L.L.C., ET AL. | § | |

## OPINION AND ORDER

On October 23, 2007, this Court held a Hearing on the "Plea in Intervention of Galveston County Daily News and Motion to Reconsider and Rescind Order Sealing Records." Having now considered the Parties' briefings and arguments, the Court issues this Opinion and Order.

The Galveston County Daily News (Daily News) has filed a Plea in Intervention seeking to intervene in this case in an effort to obtain a transcript of the in-court testimony given by Tillman Fertitta during an Injunction Hearing before the District Court on August 16, 2007. On that same day, the District Court, during successful in-chambers settlement proceedings, sealed the entire record in this case. The Daily News became aware of the Order sealing the record when its initial request for a transcript from the Court Reporter was refused on September 18, 2007. The Daily News then filed a Motion to Unseal the Record on September 21, 2007. That Motion was heard by this Court on September 27, 2007. At that Hearing, the Court questioned whether such a Motion was proper in the absence of an intervention by the Daily News and denied the Motion without prejudice to any further efforts of the Daily News to seek relief from the Order sealing the record. In response, the Daily News filed the instant pleading on October 5, 2007.

The Fifth Circuit has held that a news agency has a legal interest in challenging a confidentiality order under the collateral order doctrine. Davis v. East Baton Rouge Parish School

Board, 78 F.3d 920, 926 (5th Cir. 1996)   Such an intervention may be sought even after the litigation has been settled and the suit has been closed.  Ford v. City of Huntsville, 242 F.3d 235 (5th Cir. 2001)

To intervene, the Daily News must meet four requirements: 1) its application for intervention must be timely; 2) it must have an interest relating to the property or transaction which is the subject of the original action; 3) it must be so situated that the disposition of the action may, as a practical matter, impair its ability to protect that interest; and 4) its interest must be inadequately represented by the existing parties to the suit.  Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co., 172 F.3d 285, 287 (5th Cir. 1999)

The Daily News acted timely under the circumstances of this case.  It sought relief within three days after learning of the existence of the Order sealing the record and has since that time vigorously pursued its efforts to obtain the transcript.  Since the Daily News seeks only to litigate the issue of the Order sealing the record and not to re-open the merits of the dispute between the original parties, no prejudice has resulted to them by any delay in the filing of the Plea.  If the Plea is denied, the Daily News will be prejudiced if it would otherwise be entitled to a copy of the transcript and there are no unusual circumstances which effect the issue of the timeliness of the filing of the Plea.

As stated above, the Daily News has a recognized legal interest in challenging the Order sealing the record.  The ability of the Daily News to protect that legal interest will certainly be impaired if its Plea is denied.  And, quite clearly, the interest of the Daily News is not adequately represented by the existing parties, one of which is strongly advocating a contrary position.  Cf. Ford, 242 F.3d at 239-241

For the foregoing reasons, it is the **ORDER** of this Court that the "Plea in Intervention" (Instrument no. 61) of the Galveston Daily News is **GRANTED**.

It is further **ORDERED** that the Daily News **MAY** request that the Court Reporter prepare a transcript of the testimony of Tillman Fertitta at its cost.

It is further **ORDERED** that, once prepared, the transcript **SHALL** be maintained **UNDER SEAL** to be available for review by the District Court if and when the Daily News re-urges its Motion to Unseal the Record.

**DONE** at Galveston, Texas, this _____23rd_____ day of October, 2007.

_____
John R. Froeschner
United States Magistrate Judge