IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LANDRY'S RESTAURANTS, INC. | § | |
| VS. | § | CIVIL ACTION NO. G-07-CV-406 |
| | § | |
| POST ADVISORY GROUP, L.L.C, | § | |
| ET AL | § | |

**INTERVENOR, GALVESTON COUNTY DAILY NEWS',
MOTION REURGING ITS MOTION TO UNSEAL THE RECORD**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The Galveston County Daily News, Intervenor in the above-entitled and numbered cause, and makes and files this its *Motion Reurging Its Motion to Unseal the Record,* and in support thereof would respectfully show unto the Court the following:

1. On October 23, 2007, U.S. Magistrate John Froeschner entered an Opinion and Order in this case allowing The Galveston County Daily News to intervene in this matter for the limited purpose of prosecuting its Motion to Unseal the Record.

2. In his Order, Judge Froeschner stated, in pertinent part, "It is further Ordered that, once prepared, transcript shall be maintained under seal for review by the District Court, if and when The Daily News reurges its Motion to Unseal the Record."

3. Pursuant to that Order, Intervenor requested and paid for a transcript of the testimony of Tilman Fertitta. That transcript is now complete, and is filed, under seal, in the record in this case. The purpose of this Motion is to reurge Intervenor's Motion to Unseal, and to request that the Honorable John Rainey allow oral argument on Intervenor's Motion to Unseal.

4.      Intervenor's Motion to Unseal is limited in its scope; the only part of the record that Intervenor is attempting to unseal is the oral testimony of Tilman Fertitta, given in open Court at the time of the injunction hearing.

5.      Apparently, Judge Kent issued some type of Order which sealed the record. However, that Order was also sealed, and Intervenor has been denied access to it. Presumably, the Judge's decision to seal the record was precipitated by the parties' agreement to do so. However, concerning the testimony of Tilman Fertitta, voluntarily given in open Court at the time of the injunction hearing, it is inconceivable that there are any valid reasons to keep that portion of the record sealed.

6.      This is a case of immense public importance in Galveston County, Texas. Landry's Restaurants, Inc., and other corporations owned and/or controlled by Tilman Fertitta, is easily one of the largest employers in Galveston County. Landry's Restaurants, Inc., is a publicly traded corporation. The issue litigated in this case was of immense public importance. Indeed, Landry's Restaurants, Inc., was the Plaintiff in this litigation. Tilman Fertitta voluntarily took the stand, in open Court, to testify on his corporation's behalf. At no time, prior to his testimony, did his lawyers, or any of the parties involved in this case, request that the Courtroom be closed for his testimony. His testimony was given, voluntarily, in open Court, without objection by anyone. Why should the people who happened to be in the Courtroom on that day have more access to his testimony than those who were not? The convenience of the parties in negotiating the settlement, and/or the potential embarrassment of his testimony, should not be sufficient grounds to outweigh the public's right to unseal the record for the very limited purpose of obtaining a transcript of the testimony of Tilman Fertitta given in open Court.

7.      If there were any legitimate reasons for the sealing of the record, those reasons, as far as they concern the testimony of Tilman Fertitta, are clearly outweighed by the public's interest and right to know the substance of the testimony of one of the largest employers in Galveston County.

WHEREFORE, PREMISES CONSIDERED, Intervenor reurges its Motion to Unseal the Record, requests an oral hearing on the same, and for such other and further relief, at law or in equity, to which Movant may show itself justly entitled.

Respectfully submitted,

DAUGHTRY & JORDAN, P.C.

_____
/s Charles A. Daughtry
State Bar No. 05409410
Federal I.D. No. 7441
17044 El Camino Real
Houston, Texas  77058
281/480-6888
281/218-9151 Facsimile

**ATTORNEY FOR INTERVENOR, THE GALVESTON COUNTY DAILY NEWS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on counsel, as shown below, via postage prepaid certified mail, return receipt requested and/or facsimile, on the _____ day of _____, 2007.

Nicholas Simon
The Buzbee Law Firm
1910 Ice & Cold Storage Building
104 21st St.
Galveston, TX  77550
Facsimile:  (409) 762-0538

Scott A. Humphries
Gibbs & Bruns, LLP
1100 Louisiana, Suite 5300
Houston, TX  77002
Facsimile:  (713) 750-0903

Gerard G. Pecht
Fulbright & Jaworski, L.L.P.
Fulbright Tower
1301 McKinney, #5100
Houston, TX  77010
Facsimile:  (713) 651-5246

Layne Edwin Kruse
Fulbright & Jaworski
1301 McKinney St., #4500
Houston, TX  77010
Facsimile: (713) 651-5246

Ira H. Goldman
Shipman & Goldman, LLP
One Constitution Plaza
Hartford, CT  06103
Facsimile:  (860) 251-5099

Odean L. Volker
Haynes & Boone, LLP
1221 McKinney, #2100
Houston, TX  77010
Facsimile:  (713) 547-2600

Patricia Lynn Casey
Haynes & Boone, LLP
1221 McKinney, #2100
Houston, TX  77010
Facsimile:  (713) 547-2600

                                                                                                                               _____
                                                                                                                               Charles A. Daughtry